**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA**

**v.**                                                                    **1:07-CR-15**

**JEAN C. GONZALEZ,**

                                            **Defendant.**
_____

**APPEARANCES**                              **OF COUNSEL**

**OFFICE OF THE UNITED**                     **TERRENCE M. KELLY, AUSA**
**STATES ATTORNEY**
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207
Attorneys for the United States

**JEAN C. GONZALEZ**
**14906-052**
LSCI Allenwood
P.O. Box 1000
White Deer, Pennsylvania 17887
Defendant _pro se_

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On June 9, 2008, pursuant to an Agreement between the parties, Defendant entered a plea

of guilty to Count 1 of the Superseding Indictment, charging him with conspiracy to distribute

and possess with the intent to distribute cocaine and cocaine base (crack), in violation of 21

U.S.C. §§ 841(a)(1), (b)(1)(A), 846.  _See_ Dkt. No. 281; Minute Entry dated June 9, 2008.  At the

time of sentencing, the Court found that Defendant's total offense level was 31 and his criminal

history category was III, resulting in a presumptive United States Sentencing Guidelines range of 135 to 168 months.  However, a  statutory minimum sentence of 240 months' imprisonment applied.  On October 24, 2008, the Court imposed a sentence of 240 months' incarceration.  *See* Dkt. No. 378.

Currently before the Court is Defendant's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, in light of Amendment 706 to the Guidelines reducing the base offense level listed on the drug quantity table for most cocaine base (crack cocaine) offenses.  *See* Dkt. No. 427.  The Government opposes the motion on the ground that, "[b]ecause the [D]efendant was sentenced to the applicable mandatory minimum term of imprisonment, he is not entitled to seek relief pursuant to § 3582(c)(2)."  *See* Dkt. No. 438 at (unnumbered) 4.

## II. DISCUSSION

The statute that provides authority for a court to resentence a defendant under these circumstances is 18 U.S.C. § 3582(c)(2), which provides that,

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, ***if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission***.

18 U.S.C. § 3582(c)(2) (emphasis added).

The applicable policy statement that the Sentencing Commission issued is U.S.S.G.

§ 1B1.10, "Reduction in Term of Imprisonment as a Result of Amendment Guideline Range

(Policy Statement)," which provides in pertinent part as follows:

> (a) *Authority.* --
>
> \* \* \* \* \* \* \* \* \* \*
>
> (2) *Exclusions*. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if –
>
> \* \* \* \* \* \* \* \* \* \*
>
> (B) [the crack cocaine sentence reduction amendment] does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) *Limitation*. – Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

U.S.S.G. § 1B1.10(a)(2)-(3).

In cases such as this one, where a statutory minimum sentence exceeds the applicable Guidelines range, the court must set the Guidelines sentence at the statutorily required minimum. *See* U.S.S.G. § 5G1.1(b); *United States v. Johnson*, No. 07-1930, 517 F.3d 1020, 1024 (8th Cir. 2008); *United States v. Williams*, 551 F.3d 182, 186 (2d Cir. 2009) (finding that "the 240-month mandatory minimum 'subsume[d] and displace[d] the otherwise applicable [97 to 121 month] guideline range.'" (quoting *United States v. Cordero*, 313 F.3d 161, 166 (3rd Cir. 2002))). Thus, when a defendant has a Guidelines range below the mandatory minimum ***before*** applying U.S.S.G. § 5G1.1(b), the Guidelines sentence ***becomes*** the statutory mandatory minimum. *See*

-3-

U.S.S.G. § 5G1.1(b);[1] *Johnson*, 517 F.3d at 1024.

In this case, the retroactive crack cocaine sentencing amendment, which affects only the

Guidelines sentence, not the statutory sentence, does not help Defendant.  The Guidelines

sentence – either before or after application of the crack cocaine sentencing amendment – is still

the statutory mandatory minimum.  Since the retroactive crack cocaine sentencing amendment

would ***not*** change the Guidelines sentence, the exclusion set forth in U.S.S.G. § 1B1.10(a)(2)(B)

applies.  *See Johnson*, 517 F.3d at 1024.  Therefore, "[a] reduction in the defendant's term of

imprisonment is not consistent with [the applicable] policy statement ***and therefore is not***

***authorized under 18 U.S.C. § 3852(c)(2).***"  U.S.S.G. § 1B1.10(a)(2) (emphasis added); *Johnson*,

517 F.3d at 1024.


### III. CONCLUSION

Accordingly, after carefully reviewing the entire file in this matter, the parties'

submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion to reduce his sentence pursuant to 18 U.S.C.

§ 3582(c)(2) and U.S.S.G. § 1B1.10 in light of Amendment 706 to the Guidelines is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 8, 2009
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[1] U.S.S.G. § 5G1.1(b) provides, in pertinent part, that, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guidelines range, ***the statutorily required minimum sentence shall be the guideline sentence.***"  (emphasis added).